IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2022 AUG 12 A 11: 26

CLERK _____
SO. DIST. OF GA.

**ELIJAH THOMAS**
      PLAINTIFF

V.

Cv: 5:22-CV-45

**PILGRIM PRIDE CORPORATION-**
**Payroll officer**

      DEFENDANT

### CIVIL RIGHTS ACTION-JURY DEMAND

    Come now Plaintiff-Elijah Thomas, in the above style action and file the instant civil action against Defendant- Pilgrim pride Corporation, for their action or inaction in violation the Plaintiff's state and federal constitutional rights herein under the color of law pursuant to **42 USC 1983, 28 USC 1367** and rights under Rico code 1**8 USC 1962 and 18 USC 2314-15,** AS SET FORTH HEREIN BELOW. Plaintiff seeks monetary damages and injunctive relief.

**Jurisdiction**

This court has Federal Question jurisdiction under **28 USC 1331, 28 USC 1983, 18 USC 1962** and **1964** Pendent/Supplemental Jurisdiction under **28 USC 1367** for violation of state and federal rights herein.

### Sec. 1. PARTIES

1. Plaintiff, **Elijah Thomas,** presently residing at 1320 S. Maison Avenue, PMB# 170, Douglas Ga. 31533—is presently employed at PilgrimPride Corporation.

2. Defendant, **Pilgrim PrideCorporation,** presently residing at 113 Mcneil Drive Douglas Ga. 31533.

3. Defendant, **Pilgrim Pride Corporation (hereafter referred to as Pilgrim)** is being sued as an "artificial person" in the "individual and official" capacity for monetary damages and injunctive relief for the violation and deprivation of the Plaintiff's state and federal constitutional rights herein below.

### Sec. 2. Statement of Facts

1. Plaintiff, Elijah Thomas, has been employed at Pilgrim Pride corporation at all times relevant to the claims herein.

2. In April 2020, The IRS filed a lien against Plaintiff in Coffee County Superior court For the payment of back taxes, and served a copy upon Pilgrim Pride Corporation. See Exhibit -D Lien

3. Plaintiff denied claims that he owed the IRS any back taxes in a civil action that was Pending in the U.S. District Court at the time Pilgrim Seized/levied funds in Plaintiff's payroll account. See: **Elijah Thomas, et al, v. U.S. Government** { case No. **5:19-cv-116** }

4. In April 2020, Pilgrim informed Plaintiff it would seize/levy funds in his payroll account in accordance with the IRS notice.

5. In April 2020, Plaintiff filed a "Grievance/Complaint" with Pilgrim regarding the Seizure/levy of funds in his payroll account at Pilgrim.

6. Plaintiff informed Pilgrim via "grievance/complaint" supra. that the IRS did not have a "court Order" signed by a District Judged authorizing the Seizure/Levy of Funds from his payroll account.

7. Pilgrim informed Plaintiff that there was "no" Court Order signed by a District Judge authorizing Pilgrim/IRS to seize/levy Plaintiff's funds in his payroll account.

1

Case 5:22-cv-00045-LGW-BWC   Document 1   Filed 08/12/22   Page 3 of 10

8. Plaintiff informed Pilgrim via official grievances/complaint supra. that no rule or regulation authorized by the Secretary of Treasury gave Pilgrim or the IRS authority to seize/levy funds from the Plaintiff's payroll account herein.

9. Plaintiff's grievance/complaint supra. cited Federal law and Secretary rules and regulations governing the procedural requirements to be followed by the IRS/District court prior to the authorization of seizure/levy of funds from his account.

10. Between April 11, and August 15, 2020, Pilgrim seized/levied, transmitted, "mailed" or "wired" money to the IRS IN EXCESS of { " $9,242.65 " } from Plaintiff's payroll account on or about (15) occasions without a Court Order or his consent… see; Exhibit-A-Plaintiff's Payroll Account.

11. Between April and August 2020, Pilgrim seizure/levy of Plaintiffs' funds from his payroll account, and transmission of said funds thru wired to the IRS, affected Interstate commerce.

12. The rules of procedures as prescribed by the Secretary of Treasury are binding on the IRS/U.S. Government.

13. The IRS authority to collect a tax debt. from persons who are liable is thru tax Levy as prescribed by the Secretary of Treasury's regulation. See: **26 CFR 301.6331-1 Levy and Distraint** (a) Authority to Levy. see: Exhibit - E - Secretary Regulation

14. **Secretary Regulation, provides in part: (a)** Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in **section 3401(d)** ) of such officer, employee, or elected official. See: **26 CFR 301.6331-1 Levy and Distraint** (a) Authority to Levy-

15. The Plaintiff is "not" a officer, employee or elected official of the United States, the District of Columbia, or any agency or instrumentality of the United States or District of Columbia who may be levied as prescribed under title 26 USC 6331(a).

16. The Plaintiff is "not" a officer of the United States, the District of Columbia, or any agency or instrumentality of the United States or District of Columbia who may be levied as prescribed under title 26 USC 6331(a).

17. The Plaintiff is "not" an employee of the United States, the District of Columbia, or any agency or instrumentality of the United States or District of Columbia who may be levied as prescribed under title 26 USC 6331(a).

2

18. The Plaintiff is "not" an elected official of the United States, the District of Columbia, or any agency or instrumentality of the United States or District of Columbia who may be levied as prescribed under title 26 USC 6331(a).

19. The term **"Employee"** as **defined under Secretary Regulation and IRS Code 26 USC 3401 provides: (c) Employee.** --For purposes of this chapter, the term "employee" includes an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing. The term "employee" also includes an officer of a corporation.

20. The **IRS provided no legal authority to Pilgrim to authorize it to seize/ Levy Plaintiff payroll funds herein supra.**

21. **Pilgrim possessed no legal authority to seize/levy Plaintiff's funds from his payroll account where the IRS lien/levy was based upon an invalid assessment (form 4340) "unsigned" by the assessment officer. See: Appendix/ Exhibit - B - IRS Assessment forms**

22. **Pilgrim possessed no legal authority to seize/levy Plaintiffs' funds from his payroll account herein without a court order or regulation adopted by the U.S. Secretary of Treasury.**

23. **Pilgrim caused Plaintiff's funds from his Payroll account herein, supra., to be stolen where It was transferred or transmitted via mail or wire across interstate commerce to the IRS/Secretary of Treasury without his consent or court order.**

24. **The IRS filed no civil forfeiture action with the state or federal court requesting the garnishment- ("legal" seizure or forfeiture) - of funds from Plaintiff's payroll account at Pilgrim.**

25. **The IRS/U.S. Government was without legal authority to authorize the seizure/levy of the funds in Plaintiff's payroll account during the "Pendency" of a civil action filed in the U.S. DISTRICT COURT for the Southern District of Georgia. See:   Elijah Thomas, et al v. U.S. Government { Case No. 5:19-cv-116 }.**

26. **Pilgrim was without legal authority to "garnish", seize/levy, mail or wire to the IRS funds in Plaintiff's payroll account during the "Pendency" of Plaintiff's civil action filed in the U.S. DISTRICT COURT regarding the "validity" of said tax**

3

lien/levy. See: Elijah Thomas, et al v. U.S. Government, { Case No. 5:19-cv-116 }. See: Exhibit - F- 28 U.S. Code § 3205 - Garnishment .

27. The following civil action filed by Plaintiff was "pending" in the U.S. District Court Southern District of Georgia at the time the IRS filed a "notice" of lien/levy with Plaintiff's employer {Pilgrim} and seized/levied said funds from his payroll account. See par. (4.); and see: Elijah Thomas, et al v. U.S. Government, { Case No. 5:19-cv-116 }.

28. **The following action was "pending" in the U.S. District Court Southern District of Georgia at the time Pilgrim seized/levied, transmitted, mailed or wired said funds from Plaintiff's payroll account to the IRS. See: Elijah Thomas, et al v. U.S. Government,** { Case No. 5:19-cv-116 }.

29. In April 2020, Plaintiff also filed a second Grievance/complaint in response to Pilgrim's response to Plaintiff's First Grievance.

30. In Plaintiff's second Grievance/complaint, He further informed Pilgrim that it was illegal for Pilgrim to seize/levy Plaintiff' payroll funds during the pendency of his civil action, supra. filed against the IRS regarding said tax lien/levy.

31. Pilgrim informed Plaintiff that it was the company policy, without a court order, to seize/levy employees wages upon request by the IRS.

32. The IRS lien/levy filed with Pilgrim was based on an invalid assessment in violation of the U.S. Secretary Regulation where it was not signed by the Assessment Officer as mandated by regulation. See: 26 CFR 301.6203-1 _Method of Assessment._

33. _The Secretary Regulation provides in part : that " the assessment shall be made by the assessment officer signing the record of assessment" see:_ 26 CFR 301.6203-1 _Method of Assessment._

34. _The IRS lien/levy in Plaintiff's case was made invalid where the IRS "assessment" failed to set forth the " date of the Assessment" or "signature of the assessment officer. "See: Exhibit - B - IRS Assessment form (4340)._

4

35. Where Plaintiff's assessment forms, supra., were not signed by the "assessment officer," there can be "no" date of assessment. See: Rule 26 CFR 301.6203-1, and Exhibit - B - <u>IRS Assessments forms.</u>

36. *The Secretary Regulation further provides in part ..." <u>The date of the assessment is the date the summary record of assessment is signed by the assessment officer ".</u>*26 CFR 301.6203-1 <u>Method of Assessment.</u>

37. <u>In the Plaintiff's civil action, supra.,</u> *the IRS/U.S. Government ADMITTED in its " Pleading: " The United State Response to Statements of Material Facts, " at Par. (5.), that Plaintiff's E. Thomas'<u> Assessment forms (4340) </u>were "not " signed by the assessment officer. See: Exhibit - C- <u>U.S. Response to Statement of Material Facts.</u>*

38. The IRS assessment form (4340) in Plaintiff's case supra. were made invalid/void where they were "not" signed by the assessment officer as required by IRS/Secretary Regulation supra.. See Exhibit - B - <u>IRS Assessment forms, and Exhibit -C. U.S. Response to Statement of Material Facts.</u>

39. Plaintiff's lien/levy at Pilgrim was made invalid/void where it was based upon an invalid "assessment" that was unsigned by the assessment officer. See Exhibit -B - <u>IRS Assessment forms.</u>

40. Plaintiff's assessment forms supra. Were improper and rendered inviolation of the IRS/Secretary of Treasury Regulation <u>26 CFR 301.6203-1 Method of Assessment./(26 USC 6203).</u>

41. The Defendant's action caused Plaintiff <u>severe hardship</u>, "impacted/reduced" his Credit Score and Caused him to default on loans <u>where His weekly earnings was reduced to $120.00, albeit He earned $18.25 Per. hour and overtime pay.</u>

42. Pilgrim knew or should have known that at the time Plaintiff filed his complaints/grievances, he had a civil action pending in the U.S. District Court., and that pilgrim was without legal authority to seize/levy his funds, supra.

43. Pilgrim knew or should have known that at the time Plaintiff filed his complaints/grievances, it had a duty to make a determination whether the IRS assessment forms supra. were invalid where Plaintiff alleged they were not *"signed"* by the assessment officer.

5

44. Pilgrim denied Plaintiff a due process hearing prior to deprivation of property herein on the claims set forth in his "complaint/grievances" supra.

45. Plaintiff was denied the opportunity to call witnesses, present evidence, to question his accuser and the opportunity to appear before the decision maker prior to deprivation of funds from his payroll account at Pilgrim.

46. Plaintiff was denied the right to appear before an impartial decision maker prior to deprivation of property herein.

47. Plaintiff's funds herein were seized/levied by Pilgrim "prior" to any official hearing by the Fact Finder or Decision maker over Plaintiff's Grievance.

48. Pilgrim by it actions engaged in a pattern of racketeering activity that affected interstate commerce where it unlawfully seized/levied money from Plaintiff's payroll account in excess of ( $9,242.65 ) from April thru August 2020, and periodically mailed or wired said funds to the IRS on at least ( 15 ) occasions.

49. For a tax to be collected upon any deficiency an assessment must be made against the taxpayer by an assessment officer signing the summary record of assessment.

50. In order to place a lien against property, the IRS must make a valid assessment of taxes pursuant to 26 U.S.C. § 6203.

51. In Brewer v. United States, 764 F. Supp. 309, 315 (S.D.N.Y.1991) ("In order to place a lien against property, the IRS must make a valid assessment of taxes pursuant to 26 U.S.C. § 6203.

52. Treasury regulations are binding on the government as well as the taxpayer. See: Pacific National Bank of Seattle V. Commissioner, 9cir 1937, 91 F.2d 103, 107.

53. In the United States V. Williams. "an assessment is illegal and void if no required valid deficiency is sent to the taxpayer".(1985 D.C. NY). 161 supp. 158, 58-1 USTC 9213.

6

54. In <u>Brafman V. United States</u>, "For a tax to be collected upon any deficiency an assessment must be made against the taxpayer by an assessment officer signing the summary record of assessment. Since certificate lacks the **requisite signature it cannot constitute a valid assessment**" (1967 5th cir) 384 F.2d 863.

**RELIEF**

Wherefore Plaintiff requests this court Grant the here in relief and any other relief this court deem just and proper.

1. Grant judgment in favor of the Plaintiff on all claims raised herein
2. Grant plaintiff Compensatory damages, Prevailing party fees, nominal damages and treble damages on all claims in which he prevails.
3. Grant jury trial on claims herein.
4. Declare how the Defendant violated plaintiff's state and federal rights herein

### CERTIFICATE OF

Plaintiff certifies that he has served a copy of complaint and summons/ waiver of Service upon defendant via U.S. Postal Service at the address herein below this 11th day of August 2022;

Served:

    **Pilgrim PrideCorporation**, presently residing at 113 Mcneil Drive Douglas Ga. 31533.

Elijah Thomas

*Elijah Thomas* (signature)

1320 S. Madison Ave,

7

**PMB# 170**

**Douglas, Ga. 31533**

8



FROM:
Elijah Thomas
1300 S. Madison Ave
P.M.B. 170
Douglas GA. 31533



TO:
U.S. District Court Clerk
801 Gloucester St.
#222
Brunswick GA. 31520


CERTIFIED MAIL


U.S. POSTAGE PAID
PM DOUGLAS, GA
31533
AUG 11, 22
AMOUNT
$15.95
R2304M111349-20