# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| ELIJAH THOMAS, | |
|     Plaintiff, | |
| v. | CV 5:22-045 |
| PILGRIM PRIDE CORPORATION – PAYROLL OFFICER, | |
|     Defendant. | |

### ORDER

Before the Court is a motion to dismiss filed by Defendant Pilgrim's Pride Corporation.[1] Dkt. No. 4. The motion has been fully briefed, see dkt. nos. 6, 8, 9, and is ripe for review.

### BACKGROUND[2]

In April 2020, the IRS filed a lien against Plaintiff Elijah Thomas in Coffee County Superior Court for the payment of back taxes. Dkt. No. 1 at 2. The IRS served a Notice of Federal Tax Lien upon Defendant Pilgrim Pride, Plaintiff's employer. Id.; Dkt. No. 1-5. Defendant informed Plaintiff it would levy funds in his payroll account in accordance with the IRS notice. Dkt. No.

---

[1] In its motion, Defendant contends Plaintiff incorrectly identified it in the complaint as "Pilgrim Pride Corporation – Payroll Officer."
[2] For purposes of ruling on Defendant's motion to dismiss, the Court takes Plaintiff's version of the facts as true. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007) ("[W]hen ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true.").

1 at 2.  Plaintiff filed a "Grievance/Complaint" with Defendant, informing Defendant that the IRS did not have authority to seize his payroll funds.  Id.  Plaintiff filed a second grievance informing Defendant it would be illegal for Defendant to levy Plaintiff's payroll funds.  Id. at 5.  Defendant informed Plaintiff it is "company policy" to levy an employee's wages upon the IRS's request.  Id.

Between April 11 and August 15, 2020, Defendant levied more than $9,242.65 from Plaintiff's payroll account.  Id. at 3.  At this time, Plaintiff had already filed an action in this Court against the United States challenging the IRS's seizure of his payroll funds.  Id. at 5; see also Mobley v. U.S. Government, No. 5:19-cv-116 (S.D. Ga. Dec. 16, 2019).

As a result of Defendant's levying Plaintiff's payroll funds, Plaintiff brings this lawsuit against Defendant, alleging violations of 42 U.S.C. § 1983 (deprivation of rights) and 18 U.S.C. § 1962 (racketeering), § 2314 (transporting stolen moneys), and § 2315 (sale or receipt of stolen moneys).  Dkt. No. 1 at 1.  He seeks declaratory relief and "compensatory damages, prevailing party fees, nominal damages and treble damages."  Dkt. No. 1 at 8.  Defendant moves to dismiss Plaintiff's complaint in its entirety.  Dkt. No. 4.

**LEGAL AUTHORITY**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). The Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79.

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

Lastly, exhibits attached to pleadings become part of a pleading. Fed. R. Civ. P. 10(c). Consequently, a court may consider documents attached to a complaint as exhibits in resolving a motion to dismiss without converting the motion to one for summary judgment. Taylor v. Appleton, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994).

## DISCUSSION

In its motion to dismiss, Defendant argues it is immune from Plaintiff's claims under 26 U.S.C. § 6332, the statute providing for the surrender of property subject to levy by the IRS. Section 6332 provides, in relevant part:

(a) Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property

4

>or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, *except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.*
>
>. . . .
>
>(e) Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(a), (e) (emphasis added).

Defendant specifically relies on § 6332(e) for its argument that it is discharged from any liability to Defendant arising from its surrender of Defendant's wages to the IRS. Dkt. No. 4 at 1. Indeed, caselaw supports Defendant's contention. See Martell v. SimplexGrinnell, LP, No. 10-60685, 2010 WL 11597650, at *4-5 (S.D. Fla. June 23, 2010) (holding that defendant employer was discharged

5

from any liability to plaintiff for complying with the IRS's notice of levy and entitled to dismissal of plaintiff's claims (citing § 6332(e))); Bean v. Gen. Elec. Co., 593 F. Supp. 2d 306, 309-10 (D. Mass. 2009) (noting that "under federal law, employers who withhold wages pursuant to a notice of levy are granted immunity from suits brought by the delinquent taxpayer" and finding plaintiff's claims barred by § 6332(e)); Lovely v. Triad Int'l Maintenance, No. 1:05cv00567, 2005 WL 2291941, at *1 (M.D.N.C. Aug. 18, 2005) (emphasizing "that an employer that complies with a Notice of Levy issued by the IRS is immune from suit by the employee as to any claim that arises from compliance with the levy"); Liebig v. Kelley-Allee, 923 F. Supp. 778, 781 (E.D.N.C. 1996) (granting defendant's motion to dismiss "because § 6332 grants absolute immunity to the [defendant] for its compliance with the I.R.S. levy"); see also Carmon v. Parsons, 789 F.2d 1532, 1534 (11th Cir. 1986) (holding that, under 26 U.S.C. § 6332, trustees of union were immune from liability to member for honoring tax lien); Satterlee v. Comm'r of Internal Revenue, 195 F. Supp. 3d 327, 341 (D.D.C. 2016) (granting defendant employer's motion to dismiss because "plaintiff cannot seek to hold [employer or bank] . . . liable based solely on the theory that they complied with the IRS's levy").

Plaintiff contends that, regardless of § 6332(e)'s immunity provision, Defendant should still be held liable because 1) "there

6

was 'no' Court Order signed by a District Judge authorizing [Defendant] to seize/levy Plaintiff's funds," dkt. no. 1 ¶ 7, 2) Defendant had a duty to determine whether the IRS assessment forms were valid before levying Plaintiff's funds, id. ¶ 43, and 3) Defendant was without legal authority to seize/levy his funds while Plaintiff's civil action against the IRS was pending, id. ¶ 42.

First, Plaintiff's contention that Defendant had no authority to levy funds because no court order was issued is incorrect. "The IRS . . . may levy 'without having to prove to a court the validity of the underlying tax liability.'" Martell, 2010 WL 11597650, at *3 (quoting United States v. Baggot, 463 U.S. 476, 481 (1983)). "A court order, therefore, is not a pre-condition to a third party's compliance with a Notice of Levy." Id.

Next is Plaintiff's contention that Defendant wrongfully honored the IRS's notice without first determining the validity of the levy. However, "the validity of the levy is irrelevant to the immunity afforded the complying employer." Id. at *4 n.9 (citing Moore v. General Motors Pension Plan, 91 F.3d 848, 851 (7th Cir. 1996)). "The fact that a delinquent taxpayer may have defenses to the levy[3] does not discharge an employer's obligation to honor the levy." Id. at *4 n.10 (citing Purk v. United States, 747 F. Supp. 1243, 1249 (S.D. Ohio 1989)). Therefore, Plaintiff's argument

---

[3] Indeed, Plaintiff makes multiple allegations in the complaint regarding the invalidity of the IRS's levy and his exemption therefrom. See generally Dkt. No. 1.

7

that Defendant failed to determine the validity of the IRS's levy is unavailing.

Finally, Plaintiff contends that, because of his pending lawsuit against the IRS, Defendant had no authority to levy his funds. As discussed *supra*, however, that Plaintiff may have had defenses to the IRS levy does not discharge Defendant's obligation to honor the levy. Id.

While Plaintiff does not make any allegation in his complaint to this effect, in his response to Defendant's motion to dismiss, Plaintiff asserts that, by virtue of his lawsuit against the IRS, his payroll funds were "subject to an attachment or execution under . . . judicial process" and thus were expressly exempt from surrender. Dkt. No. 6 at 4 (citing § 6332(a)). A plaintiff, however, cannot amend a pleading through statements contained in a response brief. Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009) (observing that court could not consider contracts attached to response brief in connection with motion to dismiss because court "may consider only the complaint itself and any documents referred to in the complaint which are central to the claims"). Thus, the Court cannot consider Plaintiff's allegation that the payroll funds Defendant surrendered to the IRS were subject to attachment in his lawsuit against the IRS and thus exempt from the levy.

8

Even if the Court *could* consider Plaintiff's allegation, it fails because Plaintiff's payroll funds were not attached during his lawsuit against the IRS. See Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. The district court properly took judicial notice of the documents . . . , which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" (quoting Fed. R. Evid. 201(b)(2) (citations omitted)).

The Court finds that Defendant is entitled to be discharged of any liability to Plaintiff with respect to its surrender to the IRS of Plaintiff's payroll funds. See § 6332(e). Accordingly, Defendant's motion to dismiss, dkt. no. 4, is **GRANTED**.

"Although Plaintiff is a pro se litigant who 'must generally be given an opportunity to amend h[is] complaint,' the Court need not grant leave to amend a complaint when it is 'futile[.]'" O'Neal v. Se. Georgia Health Sys., No. 2:19-CV-067, 2021 WL 141236, at *4 n.7 (S.D. Ga. Jan. 14, 2021) (quoting Darrough v. Allen, No. 1:13-cv-57, 2014 WL 1340681, at *2 (M.D. Ga. Apr. 3, 2014) (quoting Lee v. Alachua Cnty., 461 F. App'x 859, 860 (11th Cir. 2012))). In light of Plaintiff's claims, as well as Defendant's immunity

under § 6332(e), the Court finds that allowing Plaintiff to file an amended complaint would be futile.

## CONCLUSION

Defendant's motion to dismiss, dkt. no. 4, is **GRANTED**, and Plaintiff's complaint is **DISMISSED with prejudice**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED,** this 27th day of February, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA